By the Court, Nelson, Ch. J.
The only question in this case is, whether overseers of the poor, in an action of debt for selling spirituous liquors without license, can recover more than one penalty in the same suit; or, in other words, whether the construction of the old act, which limited the recovery to one penalty in each suit, is applicable to the revised statutes. (Washburn v. McInroy, 7 John. R. 134 ; Tiffany v. Driggs, 13 id. 253 ; 1 R. L. of ’13, p. 178, § 7 ; 1 R. S. 679, § 15, 2d. ed.)
The act of 1813 provided that, if any person should retail strong or spirituous liquors without license, or should sell any to be drank in his or her house, &c. he should, for each offence, forfeit the sum of twenty-five dollars. In Washburn v. McInroy the court held, that the phrase “ for each offence” related to the two distinct offences enumerated in the seventh section, viz. selling without a license, and selling to be drank in the house &c.; and they accordingly determined that, although the plaintiff should state in his .declaration several offences of the same class, he could only recover one penalty. The opinion of the court was very much influenced by the 18th section of the act, which provided, that whenever any suit should be commenced and a recovery had for a penalty incurred by selling liquors without license, it should be a bar to all prosecutions for offen *529 ces of the like nature, committed before such recovery. And the court remarked : “ If a multiplicity of offences can be sued for in one suit, the protection afforded by this section (18th) of the act &c. is entirely defeated and frustrated.” But neither of the grounds upon which Washburn v. McInroy was decided can have any bearing upon the question in this case as the law now stands. The 18th section of the act of 1813 has not been re-enacted, and the peculiar phraseology of the 7th section has been changed. The provision of the present statute is, that <e whoever shall sell any strong or spirituous liquors &c. without having a license &c. shall forfeit twenty-five dollars (1 R. S‘. 6791, § 15, 2d ed.;) thus leaving the remedy to the common law, which allows several penalties to be recovered in the same suit. (Howland v. Botham, 4 T. R. 229 ; Young v. The King, 3 id. 98 ; 1 Chit. Pl. 181 ; Cowen’s Treat. 561, 2d ed.)
Judgment affirmed.